## CARY INGLE v. STATE.

No. A-7953.   Opinion Filed May 29, 1931.
(299 Pac. 922.)

A. V. Dinwiddie, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was jointly charged with John Lane, Theodore Bolton, and Melvin Childs, with the possession of a still; was tried separately, convicted, and sentenced to pay a fine of $50 and to be imprisoned in the county jail for 30 days; and has appealed to this court.

In the trial the state called Bert McKean, who stated he was sheriff of Logan county, Okla.; that he got a glimpse of the defendant on the 12th day of December, 1929, as he ran into some brush—

"I could not tell where that was but it was on the southeast quarter of the section; I had a search warrant for the premises; the premises were not occupied by the defendant; I don't know the fellow's name."

The state then introduced its exhibits A and B, the same being the affidavit for the search warrant, the search

warrant, and the return made by the officer thereon. The affidavit for the search warrant and the search warrant described the property to be searched as the northwest quarter of section 35, township 16 north, range 3 west, of the Indian meridian. The return of the officer shows that he searched the place described in the within warrant, and then describes what he seized. His testimony on the stand shows that he did not search the property described in the warrant, and it is not contended that the defendant occupied the property. It is claimed by the state that where they found the still defendant was seen running from the place. The car of the defendant was found about 75 yards from where they claim they found the still.

The defendant testifying in his own behalf denied any knowledge of the still and denied he had anything to do with the still stating that the morning of the 12th of December, 1929, John Lane drove him to Oklahoma City, and Lane drove his car back to Guthrie. John Lane testifying corroborated the defendant as to driving him to Oklahoma City, and driving defendant's car back, and stated he drove the defendant's car out to the place where it was, and where he was when the officers came upon him. This is in substance the testimony.

Several assignments are urged by the defendant as to why the case should be reversed. The second assignment of error is that the court erred in the trial of said cause in not sustaining the objection of the defendant, and over such objection permitting certain evidence to go to the jury, to which the defendant at the time duly excepted.

The objection of the defendant to the admission of the affidavit for the search warrant and the search warrant, and the return of the officer made thereon, was well taken

and should have been sustained. This court has repeatedly held that it is error for the court to admit the affidavit for the search warrant, and the search warrant, or either of them, as primary evidence, as it deprived the defendant of a fair and impartial trial. It is clearly shown by the testimony that the property described in the search warrant was not searched, and that the return of the officer thereon showing that it was, was an error, as the state did not contend that the still alleged to have been found was found on the land occupied by the defendant. Any testimony offered by the state with reference to the affidavit for the search warrant and the search warrant was inadmissible.

The testimony as to whether or not the defendant was seen near where they claim the still was found is conflicting, and, in view of the fact that the jury in arriving at its verdict assessed the minimum penalty under the law, had not the affidavit and search warrant, and the return thereon been introduced by the state, over the objection of the defendant, the jury may not have arrived at a verdict of guilty. The admission of the affidavit for the search warrant, the search warrant, and the return made thereon, over the objection of the defendant, was prejudicial to his rights and is such an error as to require a reversal.

For the reason stated the case is reversed.

CHAPPELL and EDWARDS, JJ., concur.